UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LI LIANG** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-1363** |
| **AUTO CLUB FAMILY INSURANCE COMPANY, ET AL.** | **SECTION: "C" (2)** |

## ORDER & REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction in this original action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of filing, Rec. Doc. 5, seeking affirmative proof of the amount in controversy. Both parties argued that the jurisdictional minimum was met. Rec. Doc. 8; Rec. Doc. 9. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. LAW & ANALYSIS

Plaintiff homeowner originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of <u>Acevedo v. AAA Ins.</u>, Civil Action No. 07-5199, to recover payment for property damage under her insurance policy with Defendant Auto Club Family Insurance Company ("ACFIC") following Hurricane Katrina. Rec. Doc. 1-2. Magistrate Judge Wilkinson,

---

[1] Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

Jr. severed Acevedo. Rec. Doc. 1-3. Plaintiff then filed an individualized amended complaint against ACFIC. Rec. Doc. 1-1.

Parties may neither consent to nor waive subject matter jurisdiction. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and diversity exists between all parties. 28 U.S.C. § 1332(a)(2007).[2] Most Fifth Circuit case law about amounts in controversy concerns cases removed from state court to federal court, unlike the present case. However, the Fifth Circuit and this Court have applied those procedures to other circumstances, such as declaratory judgment actions, St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250,1253 (5th Cir. 1998). Therefore, they may be instructive for actions originally brought in federal court such as the one before us.

In removal cases, the parties must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). They may do so either (1) by demonstrating that it is "facially apparent" that the claims are likely to exceed the jurisdictional amount, or (2) by showing the facts in controversy that support a finding of the requisite amount. Id. (emphasis in original). The first method requires the court to consider only the face of the complaint. If the "facially apparent" test is not met, the court can require the parties to show "summary judgment-type evidence" regarding the amount in controversy." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). The party invoking jurisdiction has the burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if

---

[2]Neither party disputes that diversity of citizenship exists among the parties. Plaintiff is domiciled in Louisiana and ACFIC is a foreign corporation. Rec. Doc. 1-1; Rec. Doc. 3 at 2.

inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287 fn. 10 (1938) (citing McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982). The court may demand that the party justify the allegation by a preponderance of the evidence. McNutt, 298 U.S. at 189.

In response to the Court's Order, Rec. Doc. 5, Plaintiff filed a memorandum that attempted to show that the jurisdictional minimum was met. Rec. Doc. 8. Plaintiff stated that she did not know her policy limits, and she did not state that ACFIC issued any payments to her. Id. at 1. She alleged that on August 29, 2005, Hurricane Katrina caused wind, rain, and flood damage to the roof, interior, and contents of her property, and that she was unable to use her property for an extended period. Rec. Doc. 1-1 at 2. She stated that her policy was in effect at that time, that it was all-risk, and that it covered such damage. Id. However, she did not provide a copy of her policy. She estimated her property damage at $49,911 for the structure and $25,000 for loss of rental income. Rec. Doc. 8 at 1. Additionally, plaintiff made a claim for statutory penalties, interest, and attorney fees under La. R.S. §§ 22:658 and 22:1220, because ACFIC's actions were "arbitrary and capricious." Rec. Doc. 1-1 at 3. Plaintiff did not provide a factual description of ACFIC's actions. Notably, no copy of a prerequisite proof of loss was provided as ordered.

ACFIC also filed a memorandum that attempted to show that the jurisdictional minimum was met. Rec. Doc. 9. ACFIC submitted a copy of the policy it issued to plaintiff. Exhibit A. It states that the policy was effective from January 31, 2005 to January 31, 2006. The insurer pointed to plaintiff's policy limit of $185,810 for the dwelling, other structures, and contents,

3

and actual loss for additional living expenses. Id. at 2. The insurer stated that it paid plaintiff $19,317 and concluded that the amount in controversy was at least $166,492. Id. ACFIC did not specify under which coverage payment was made. In addition, ACFIC asserted that plaintiff sought penalties and attorneys fees under La. R.S. §§ 22:658 and 22:1220.[3] Id. ACFIC concluded that the amount in controversy met the jurisdictional minimum.[4]

It is not facially apparent nor has either party set forth facts showing that the jurisdictional minimum was met on the date of filing. To fulfill its duty to ensure it has proper jurisdiction over this action, the Court requires specificity from the parties. Fernandez v. Allstate Ins. Co., 2008 WL 314405, *2 (E.D. La. Feb. 1, 2008). First, the relevant inquiry concerns damage to the property, not the value of the property or the policy limit. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). In order to have shown this affirmatively, ACFIC should have provided the Court with not just the amount tendered, but also the amount of plaintiff's claims. Fernandez, 2008 WL 314405 at *2; see also Mediamolle v. State Farm Ins., 2008 WL 834378, *2 (E.D. La. March 27, 2008)(J. Vance)(holding that policy limits did not influence amount in controversy in removal case where insurer did not provide evidence that homeowner demanded damages up to or exceeding policy limits); Lenfant v. Liberty Mut. Ins. Co., 2008 WL 1924240, *2 (E.D. La. April 29, 2008)(J. Lemelle)(holding that jurisdictional amount was met because petition for damages and correspondence between insurer and homeowners indicated that homeowners demanded full unpaid policy limit, which alone exceeded $75,000). In addition, plaintiff put forth no facts to substantiate her $74,911 damage

---

[3] Effective Jan. 1, 2009, La. R.S. §§ 22:658 and 22:1220 were renumbered §§ 22:1892 and 22:1973 respectively. See Acts 2008, No. 415 § 1.

[4] The other defendant, AAA Insurance, was dismissed for failure to prosecute on June 10, 2009.

estimate.  Rec. Doc. 8 at 1.  She may have met the proof threshold if she had provided evidence implicating the limits of the policy, or if she had submitted damage assessments or repair estimates for the property.  Fernandez, 2008 WL 314405 at *2.  See also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co., 1995 WL 442062 (E.D. La. July 24, 1995)(calculating amount in controversy based on receipts, affidavits, and deductible contained in insurance policy).

Second, parties must do more than state that plaintiff made claims for statutory penalties and present facts indicating the propriety of such penalties.  Fernandez, 2008 WL 314405 at *2 (referring to Thompson v. Allstate Ins. Co., 2007 WL 763219, *1 (E.D. La. March 8, 2007)).  Neither party presented such facts.  Plaintiff cited a Fifth Circuit case that held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction.  Rec. Doc. 8 at 1; St. Paul Reins. Co, 134 F.3d at 1254.  However, the St. Paul Reins. Co. Court, discussing a Texas statute, did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice.  Moreover, the Louisiana statute lists six specific actions that would constitute a "breach" and that require findings of fact.  La. R.S. § 22:1973(B)(1-6).  The statute provides that one type of breach for which an insured may recover penalties is "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5).  To indicate more than the possibility of penalties, the parties could have presented facts indicating that ACFIC's actions constituted a breach under the statute.  Again, no copy of a proof of loss was provided.  Thus, based on the record and the law, the Court finds that the parties have not established subject matter jurisdiction.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

New Orleans, Louisiana, this 15th day of June, 2009.

                                              HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE